1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         EASTERN DISTRICT OF CALIFORNIA
10

11   UNITED STATES OF AMERICA,              No. 2:14-cr-00128-TLN
12              Plaintiff,
13         v.                               **ORDER DENYING DEFENDANT'S MOTION FOR A CORRECTION OF THE RECORD**
14   KENNETH DWAYNE OLIVER,
15              Defendant.

16

17         This matter is before the Court on Defendant Kenneth Dwayne Oliver's ("Defendant")
18   Motion for a Correction of the Record, brought pursuant to Rule 36 of the Federal Rules of
19   Criminal Procedure ("Rule 36"). (ECF No. 60.) The government opposes Defendant's motion.
20   (ECF No. 61.) For the reasons set forth below, Defendant's motion is DENIED.
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

                                              1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 13, 2014, Defendant pleaded guilty to four counts of an Indictment charging narcotics-related violations. (*See* ECF No. 27.) Count One charged distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1); Counts Five, Six, and Seven charged possession with intent to distribute methamphetamine, cocaine base, and heroin, respectively, each in violation of 21 U.S.C. § 841(a)(1). (ECF No. 30 at 2.) Defendant's guilty plea, which was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, contemplated a sentencing range of at least 92 months, but not more than 144 months. (ECF No. 30 at 2.) Defendant's plea agreement included an explicit waiver of his "right to bring a collateral attack . . . challenging any aspect of the guilty plea, conviction, or sentence," and defined a collateral attack in broad terms as "filing a motion in this Court, or any other court challenging any aspect of his guilty plea, his conviction, or his sentence." (ECF No. 30 at 7.)

A presentence investigation report ("PSR") was filed on the docket on February 20, 2015. (ECF No. 34.) The PSR set forth Defendant's substantial criminal history, a criminal history which yielded an advisory criminal history score of 20 that converted to a Criminal History Category of VI. (ECF No. 34 at 10–16.) On April 23, 2015, the Court sentenced Defendant to concurrent 130-month terms of imprisonment on each of Counts One, Five, Six, and Seven. (*See* ECF No. 41.) In September and October 2015, six of Defendant's state felony convictions were reduced to misdemeanors pursuant to California's voter-approved Proposition 47. (*See* ECF No. 60 at 4–21.)

Defendant filed the instant motion "to correct several inaccuracies in the record, specifically, the Pre-Sentence Investigation Report," on January 8, 2018. (ECF No. 60 at 1.) Defendant argues that the Court should issue an order correcting his PSR by changing six of the prior drug-related convictions listed in that PSR from felonies to misdemeanors. (ECF No. 60 at 1–3.) Defendant asserts that these alterations to his PSR are compelled by the application of California's voter-approved Proposition 47, "which <u>RETROACTIVELY</u> changed a number of California drug felonies into misdemeanors." (ECF No. 60 at 2.)[1] Defendant represents — and

---
[1] California voters enacted Proposition 47 in November 2014. *See United States v. Diaz*, 838 F.3d 968, 971

2

the government does not contest — that he successfully utilized the procedures put in place by Proposition 47 to obtain state court orders reducing six of his prior narcotics-related felonies to misdemeanors. (ECF No. 60 at 2; ECF No. 61 at 2.) Nonetheless, Defendant's PSR still lists these prior offenses as felonies. (*See* ECF No. 60 at 1.) Defendant argues that the fact that these six prior state criminal convictions remain categorized as felonies in his PSR means that he is classified as a more dangerous inmate by the Bureau of Prisons and is ineligible to participate in "a number of programs which can lead to earlier release through halfway-house and early release programs." (ECF No. 60 at 1.) Defendant cites Rule 36 as vesting the Court with authority to correct what he characterizes as these "inaccuracies of the record." (ECF No. 60 at 2.)

The government filed an opposition in which it raises two independent reasons for the Court to deny Defendant's motion. (ECF No. 61.) First, the government argues that Defendant's motion amounts to a collateral attack on the sentence the Court imposed in this case, a collateral attack which is barred by the plea agreement Defendant signed. (ECF No. 61 at 2.) Second, the government argues that Rule 36 only allows a district court to correct clerical errors in a judgment or errors caused by oversight or inadvertent omission. (ECF No. 61 at 3.) Since Defendant's motion requests a substantive amendment to his PSR, the government asserts that Rule 36 does not give the Court power to grant Defendant's requested relief. (ECF No. 61 at 3.)

## II. STANDARD OF LAW

### A. Rule 36

"After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

"Rule 36 is a narrow provision limited to correction of errors of no more than clerical significance." *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984). The rule exists "for corrections rather than any 'substantive change or amendment.'" *Id.* at 491 (quoting *Kelley v. Bank Bldg. & Equip. Corp.*, 453 F.2d 774, 778 (10th Cir. 1972)). This means that an error is not

---

(9th Cir. 2016). The proposition "permits previously-convicted defendants to petition the court for a 'recall of sentence,' which, if granted, would effectively reclassify their qualifying felonies as misdemeanors." *Id.*

clerical if it affects the substantive terms of a criminal sentence. *See United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) (collecting cases). Accordingly, district courts generally may not make corrections to non-clerical inaccuracies in a PSR after imposing a sentence. *See United States v. Lee*, 727 F. App'x 335, 336 (9th Cir. 2018) (holding that "the district court lacked authority to correct alleged factual inaccuracies in the PSR after Lee's sentence was imposed" (citing *United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir. 1989) (per curiam))); *United States v. Turman*, 574 F. App'x 747, 747 (9th Cir. 2014) (upholding district court's denial of Rule 36 motion because "[t]he district court lacked authority to modify . . . the PSR" (citing *Catabran*, 884 F.2d at 1289)); *Catabran*, 884 F.2d at 1289 ("[O]nce the district court has imposed sentence, the court lacks jurisdiction under Rule 32 to hear challenges to a presentence report.").

Correctable items covered by Rule 36 are generally erroneous at the time of their memorialization in the record. *See, e.g.*, *United States v. Chester*, 749 F. App'x 553, 554 (9th Cir. 2019) (holding that request to correct PSR's erroneous classification of severity of prior felony convictions was within scope of Rule 36 where errors were overlooked at time of sentencing); *United States v. Kilbride*, 584 F.3d 1240, 1245–46, 1259 (9th Cir. 2009) (holding that written judgment mistakenly classifying certain offenses as felonies represented "a clerical error requiring remand for correction"); *Territory of Guam v. Gill*, 61 F.3d 688, 695 (9th Cir. 1995) (remanding written judgment to correct error listing wrong statute under which defendant was convicted); *United States v. Knockum*, 881 F.2d 730, 732 (9th Cir. 1989) (holding that Rule 36 provided remedy for district court's failure "to attach the transcript of the sentencing hearing to the presentence report"). Additionally, the scope of clerical errors subject to correction pursuant to Rule 36 is defined — at least in part — by reference to Rule 60 of the Federal Rules of Civil Procedure.[2] *See* Fed. R. Crim. P. 36 advisory committee's note ("The rule is similar to rule 60(a) of the Federal Rules of Civil Procedure . . . ."); *Kaye*, 739 F.2d at 491 ("The Advisory Committee note to Rule 36 also leads us to the abundant case authority under Rule 60(a) of the Federal Rules of Civil Procedure."). Under the civil rule, "[t]he basic distinction between

---

[2] "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

4

'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind.*" *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (alteration in original) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)).

### B. Waiver of Collateral Attack

"A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if '(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc)). "Plea bargains are contractual in nature and subject to contract-law standards." *United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir. 1997) (citing *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985)). Accordingly, courts should "generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *United States v. Speelman*, 431 F.3d 1226, 1229 (9th Cir. 2005) (quoting *Jeronimo*, 398 F.3d at 1153).

### III. ANALYSIS

#### A. Rule 36

The plain text of Rule 36 provides authority for the Court to correct two types of errors: (i) clerical errors that appear "in a judgment, order, or other part of the record," as well as (ii) errors anywhere in the record "arising from oversight or omission." Fed. R. Crim. P. 36. Defendant's motion must fail because (i) the PSR's categorizations of his prior offenses as felonies are not clerical errors, and (ii) any alleged inaccuracies in Defendant's PSR as currently constituted did not arise from oversight or omission.

##### i. *There Was No Error Committed at the Time of Sentencing*

First, it is not at all clear that the inaccuracies targeted by Defendant's motion qualify as errors at all. Indeed, the cases interpreting Rule 36 reveal that clerical inaccuracies subject to that rule must be erroneous at the time they are written down, stated by a court, or relied upon by a court for purposes of sentencing.

For instance, in *Kilbride*, 584 F.3d at 1259, the Ninth Circuit held that it was clerical error subject to Rule 36 where the district court's written judgment mistakenly characterized a defendant's prior convictions as felonies. Since the prior convictions were actually misdemeanors at the time the written judgment was entered, since the written judgment's references to criminal statutory provisions indicated that it considered the prior offenses misdemeanors at the time, and since the government did not contest that they were misdemeanors at the time, the Ninth Circuit held that "the written judgment's classification of Counts 1 through 3 as Class D and E felonies is a clerical error requiring remand for correction." *Id.*

Similarly, in *Gill*, 61 F.3d at 695, the Ninth Circuit remanded for correction under Rule 36 where the written judgment mistakenly listed the wrong statute under which the defendant had been convicted. And in *Knockum*, 881 F.2d at 731–32, the clerical error to be remedied pursuant to Rule 36 was that the district court failed — even though it had expressed its intention to do so at the time of sentencing — to attach a transcript of a sentencing hearing to the defendant's PSR before that PSR was sent to the Bureau of Prisons. Most recently, in *Chester*, 749 F. App'x at 554, the Ninth Circuit remanded so that the defendant's PSR could be corrected, since it had erroneously listed two of his three convictions as more serious felonies than they actually were. The felonies were, at the time of the district court's reliance on the PSR to inform its sentence, categorized as Class B felonies even though the PSR erroneously listed them as Class A felonies. *See United States v. Chester*, 674 F. App'x 670, 671 (9th Cir. 2017). Finally, and most saliently, the Ninth Circuit previously remanded the original judgment and commitment order filed in this very case so that the Court could correct an error that existed at the time that order was signed: incorrectly listing certain counts of conviction as possession with intent to distribute methamphetamine instead of as possession with intent to distribute cocaine base and heroin. (*See* ECF No. 56 at 3.)

Two common threads tie the foregoing cases together. The first is that Rule 36 applies to statements that are incorrect at the time they are memorialized in the record. *See Tattersalls*, 745 F.3d at 1297 (equating such errors with "blunders in execution" (quoting *Blanton*, 813 F.2d at 1577 n.2)). The second is that Rule 36 also applies to statements that are incorrect at the time a

6

court relies on them in rendering a judicial decision. *See Lee*, 727 F. App'x at 336 (stating that district courts generally "lack[] authority to correct alleged factual inaccuracies in the PSR after" they impose sentence (citing *Catabran*, 884 F.2d at 1289)). But Defendant does not argue that his prior offenses were erroneously classified as felonies at the time his PSR was prepared in February 2015 (*see* ECF No. 34), or at the time he was sentenced in April 2015 in reliance upon that PSR (*see* ECF No. 41). Nor can he, because those prior offenses were not formally downgraded to misdemeanors until September and October 2015. (*See* ECF No. 60 at 4–21.) Furthermore, Defendant identifies no authority for the principle that a PSR's statements that are indisputably accurate at the time the PSR is produced and relied upon for sentencing can be rendered erroneous by subsequent events. *See Diaz*, 838 F.3d at 975 (holding "that California's Proposition 47, offering post-conviction relief by reclassifying certain past felony convictions as misdemeanors, does not undermine a prior conviction's felony-status for purposes of" a federal sentencing enhancement based on those prior convictions). Just because Defendant characterizes his PSR as reflecting "inaccuracies" related to his criminal history (*see* ECF No. 60 at 1–2), does not mean that his PSR contains errors subject to the "narrow provision" of Rule 36, *Kaye*, 739 F.2d at 490.

Accordingly, the Court finds that Defendant fails to demonstrate that his PSR contains errors of the type cognizable by Rule 36.

### ii. *Any Claimed Error Was Not Clerical*

Second, even assuming for the sake of argument that the classifications of Defendant's prior convictions in his PSR could qualify as errors, said errors were not clerical.

Rule 36 only applies to "errors of no more than clerical significance." *Id.* Hence, only "blunders in execution" qualify as clerical. *Tattersalls*, 745 F.3d at 1297 (quoting *Blanton*, 813 F.2d at 1577 n.2). There was no "blunder[] in execution" here regarding Defendant's PSR because the PSR accurately characterized the severity of his criminal history at the time of its execution. (*See* ECF No. 60 at 2 ("Clearly, the above six reported felonies in Mr. Oliver's PSR are *no longer* accurate." (emphasis added)).) This reality is highlighted by the fact that there was, in fact, a "blunder[] in execution" committed earlier in this case that was properly subject to Rule

36, *Tattersalls*, 745 F.3d at 1297 (quoting *Blanton*, 813 F.2d at 1577 n.2), because the written judgment listed the wrong controlled substances which Defendant was convicted of unlawfully possessing (*see* ECF No. 56 at 3). *See Tattersalls*, 745 F.3d at 1297 ("The quintessential 'clerical' errors are where the court errs in transcribing the judgment . . . .").

It cannot even be said that this was an instance where the Court, by changing its mind regarding Defendant's PSR, committed a near-clerical error. *See Tattersalls*, 745 F.3d at 1297 (holding that instances where a court changes its mind do not qualify as clerical errors subject to correction under the civil analogue to Rule 36). Instead, it was the voting populace of the State of California that changed state criminal policy by approving Proposition 47, thereby downgrading certain narcotics felonies to misdemeanors. *See Diaz*, 838 F.3d at 971. It would strain the definition and applicability of the term "clerical" beyond a reasonable breaking point to hold that a retroactive change mandated by the vote of millions of California citizens amounts to either a "blunder[] in execution" or as an instance where a court simply changes its mind. *Tattersalls*, 745 F.3d at 1297 (quoting *Blanton*, 813 F.2d at 1577 n.2).

Accordingly, even if the Court were to find that Proposition 47 retroactively introduced error into Defendant's PSR — which the Court does not — such an error would not qualify as the type of clerical error subject to the operation of Rule 36. Stated another way, since the change sought by Defendant is "more than a clerical change" and sentence has already been imposed in this case, the Court "lack[s] authority to correct alleged factual inaccuracies in the PSR." *Lee*, 727 F. App'x at 336 (citing *Kaye*, 739 F.2d at 490; *Catabran*, 884 F.2d at 1289).

       *iii.*   *Any Claimed Error Did Not Arise From Oversight or Omission*

The text of Rule 36 provides residual authority for a district court to correct errors anywhere in the record, so long as said errors "aris[e] from oversight or omission." Fed. R. Crim. P. 36. As set forth above, the errors claimed by Defendant in his PSR resulted from the 2014 approval of Proposition 47 by California's voters. *See Diaz*, 838 F.3d at 971. It cannot be said that a retroactive change to criminal law implemented by the voters of the State of California equates to either an "oversight" or an "omission." Fed. R. Crim. P. 36. Accordingly, the Court finds that Rule 36's clause relating to errors stemming from oversight or omission provides no

authority for the Court to order the relief requested by Defendant.

B. <u>Defendant's Motion as Collateral Attack</u>

To the extent that Defendant's motion is a collateral attack on the sentence imposed by the Court, the motion fails since Defendant knowingly and intelligently waived his right to bring such an attack.

*i.  Defendant's Motion May Be Construed as a Collateral Attack on His Sentence*

Defendant's motion is explicitly styled as a motion for correction of the record "[p]er Rule 36, F.R. Crim. P." (ECF No. 60 at 1.)[3] Nevertheless, given the relief requested in Defendant's instant motion, and given that "motions from prisoners are to be liberally construed," the Court finds that Defendant's motion could also be construed as a collateral attack on his sentence separate and apart from its nature as a motion brought under Rule 36. *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2000). This is because Defendant's plea agreement defines a collateral attack as any motion "challenging any aspect of his guilty plea, his conviction, or his sentence." (ECF No. 30 at 7.) Defendant's motion is "challenging an[] aspect of his . . . sentence" (ECF No. 30 at 7), namely, "the conditions under which that time is served" (ECF No. 60 at 2). Indeed, Defendant himself argues that the classification of his prior convictions as felonies "had an inmact [sic] on the <u>severity</u> of his sentence, not just the length thereof," and asserts that reclassifying his prior convictions "is critical to that inmate receiving an incarceration status that is just and fair." (ECF No. 60 at 1, 2.)

Accordingly, based on Defendant's own words, the Court finds it reasonable to conclude that Defendant's requested relief could be construed as a collateral attack on his sentence.

*ii.  Defendant Waived the Right to Collaterally Attack His Sentence*

Even if liberally interpreted as a collateral attack on his sentence instead of as a request for clerical corrections under Rule 36, Defendant's motion fails.

First, the language of Defendant's collateral attack waiver fully "encompasses his right to"

---

[3] Defendant has also filed a separate motion to correct his sentence pursuant to 28 U.S.C. § 2255, a motion which argues that his counsel was ineffective at sentencing for failing to object to the PSR's characterization of Defendant's criminal history. (*See* ECF No. 58 at 5.)

challenge the conditions of his sentence as unduly harsh. *Davies*, 856 F.3d at 1246 (quoting *Jeronimo*, 398 F.3d at 1153). As part of his plea agreement with the government, Defendant explicitly waived "any right to bring a collateral attack . . . challenging *any* aspect of the guilty plea, conviction, or sentence." (ECF No. 30 at 7 (emphasis added).) Hence, Defendant expressly agreed that he would have no right to "later decide that he is unhappy with is [sic] his . . . sentence and seek to amend, alter, or overturn it." (ECF No. 30 at 7.) But the entire motivation for Defendant's motion is his unhappiness with his conditions of incarceration (*see* ECF No. 60 at 2–3 (asserting that Defendant "is still being penalized by the B.O.P. due to those felonies being on his PSR")), conditions which are clearly an "aspect" of his sentence (ECF No. 30 at 7). Hence, the plain and unambiguous language of Defendant's plea agreement demonstrates that it "encompasses his right to" collaterally attack the conditions of his sentence after that sentence was imposed. *Davies*, 856 F.3d at 1246 (quoting *Jeronimo*, 398 F.3d at 1153).

Second, Defendant's waiver of his right to challenge any aspect of his sentence was "knowingly and voluntarily made." *Id.* As is its practice with every entry of plea, the Court engaged in a lengthy and detailed colloquy with Defendant on the date of his sentencing hearing before concluding that Defendant was knowingly and voluntarily waiving his collateral attack rights. *See* Fed. R. Crim. P. 11(b)(1)(N); (ECF No. 53 at 4–18). Based on that colloquy, the Court was satisfied that Defendant's collateral attack waiver was knowing and voluntary, and Defendant presents no evidence or argument in the instant motion suggesting that the Court was mistaken in so concluding. (*See* ECF No. 53 at 12–13 (confirming Defendant's voluntary waiver of collateral attack rights); ECF No. 53 at 18 ("The Court also finds that there is a factual basis for the plea, and that the defendant has made a voluntary, knowing and intelligent waiver of all constitutional rights.").)

Accordingly, the Court finds that Defendant's waiver of his right to collaterally attack any aspect of his sentence is enforceable. *See Davies*, 856 F.3d at 1246 ("A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if '(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" (quoting *Jeronimo*, 398 F.3d at 1153)). Therefore, to the extent that

Defendant's instant motion qualifies as the kind of collateral attack that Defendant validly waived his right to pursue, it must fail. *See Speelman*, 431 F.3d at 1229 (holding that courts should "generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face" (quoting *Jeronimo*, 398 F.3d at 1153)).

**IV.  CONCLUSION**

For the reasons set forth above, Defendant's motion (ECF No. 60) is DENIED.

IT IS SO ORDERED.

Dated: June 12, 2019

                              Troy L. Nunley
                              United States District Judge