UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:14-cr-0128 TLN DB 1 |
|---|---|
| Respondent, | |
| v. | |
| KENNETH DWAYNE OLIVER, | FINDINGS AND RECOMMENDATIONS |
| Movant. | |

Movant, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Movant alleges his counsel was ineffective; that he should be resentenced because prior state convictions were reduced to misdemeanors; and that his sentence should be vacated because the judge, rather than a jury, made findings of fact for sentencing.  For the reasons set forth below, this court will recommend the motion be denied.

**BACKGROUND**

On May 7, 2014, movant was indicted and charged with distribution of cocaine base, distribution of methamphetamine, and possession of cocaine base, heroin, and methamphetamine with intent to distribute.  (ECF No. 3.)  On November 13, 2014, movant pleaded guilty, pursuant to a plea agreement, to distribution of cocaine base, possession with intent to distribute cocaine

base, possession with intent to distribute heroin, and possession with intent to distribute methamphetamine. (ECF No. 30.) In the agreement, movant agreed to a sentence of 92 to 144 months and the government agreed to make that recommendation to the court. (Id. at 2-3.) The agreement also made clear that the court was under no obligation to accept the government's recommended sentence. (Id. at 2.) Movant agreed to give up his right to appeal or file a collateral attack: "regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. §2255." (Id. at 7.)

On April 23, 2015, the court entered judgment, adopting the factual findings and criminal history calculations in the Pretrial Sentencing Report (ECF No. 34), and sentenced movant to 130 months incarceration. (ECF No. 43.)

On January 29, 2016, movant filed a Notice of Appeal to the Ninth Circuit. (ECF No. 44.) After movant's attorney filed an Anders brief,[1] movant filed a brief pro se with one claim – that the District Court erred in treating the Sentencing Guideline range as mandatory. United States v. Oliver, Ninth Circuit Court of Appeals No. 16-10045 (Brief filed Sept. 1, 2016). The Ninth Circuit dismissed the appeal pursuant to the appellate waiver in the plea agreement. (ECF No. 55.) In addition, the Ninth Circuit remanded to the District Court to correct a clerical error.[2] (Id.) The District Court issued an amended judgment on April 19, 2017. (ECF No. 57.)

On June 26, 2017, movant filed the present motion to vacate or correct his sentence pursuant to 28 U.S.C. §2255. (ECF No. 58.)

On January 8, 2018, movant filed a motion to correct his sentence. (ECF No. 60.) Movant argued that the Pretrial Sentencing Report ("PSR") was inaccurate because it listed six of his prior

---

[1] In Anders v. California, 386 U.S. 738 (1967), the Supreme Court established a procedure for allowing appointed counsel for an indigent criminal defendant to withdraw from a first appeal as of right on the basis that the appeal is frivolous. Under those procedures, counsel must first conduct a "conscientious examination" of the case and support a request to withdraw with a brief referring to anything in the record that might arguably support the appeal.

[2] In the original judgment, counts 6 and 7 were incorrectly identified as Possession with Intent to Distribute Methamphetamine. In fact, count 6 was Possession with Intent to Distribute Cocaine Base and count 7 was Possession with Intent to Distribute Heroin. (See ECF Nos. 30 at 2; 43 at 2.) The correction had no effect on movant's sentence. All three crimes are classified as possession with intent to distribute a controlled substance in 21 U.S.C. §841(a)(1).

drug-related convictions as felonies.  In October 2015, after the entry of judgment in this case, the state superior court granted movant's request to have those six convictions converted to misdemeanors based on the passage of California's Proposition 47 in 2014.  (See id. at 4-21.)  The District Judge denied movant's motion in June 2019.  (ECF No. 64.)  The District Judge held that movant's request did not meet the standards of Rule 36 of the Federal Rules of Criminal Procedure for correction of the record.  The District Judge alternatively considered movant's request as a collateral attack on the judgment.  The District Judge denied that request based on movant's waiver of the right to seek collateral relief in the plea agreement.

On April 30, 2018, movant moved to clarify or amend his original §2255 motion.  (ECF No. 63.)  The court granted that request and ordered the United States to respond to the §2255 motion.  (ECF No. 65.)  The government filed an opposition.  (ECF No. 67.)  Movant did not file a reply.

## DISCUSSION

### I. Legal Standards for Motion under 28 U.S.C. §2255

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. §2255, filed in the court which imposed sentence.  United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002).  Under §2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.  Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).  To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").  Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice."  Davis, 417 U.S. at 346; see also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

////

**II. Movant's Claims**

Movant raises three claims in his original motion: (1) his attorney was constitutionally ineffective at sentencing for failing to object to the District Court's determination of his offense level and his criminal history under the Guidelines; (2) he is entitled to be re-sentenced because six of his state court convictions were converted from felonies to misdemeanors; and (3) imposition of a sentence based on judge-made findings of fact violated his Sixth Amendment rights.

Before the court ordered the government to respond to the §2255 motion, movant filed a motion to clarify or amend his §2255 motion. (ECF No. 63.) Therein, movant repeats his claim that his attorney should have informed the District Court that six of his state felony convictions were misdemeanors. Movant further argues that: (1) his plea was "unintelligent" because, when he raised the Proposition 47 issue, his attorney told him the record could be corrected at a later time if Proposition 47 was enacted; (2) his trial attorney was ineffective for failing to "preserve" the Proposition 47 issue before the trial court; (3) his attorney was ineffective for failing to advise him about the advantages/disadvantages of filing an appeal, resulting in "losing" his right to appeal; and (4) his appellate attorney was ineffective for failing to raise the Proposition 47 issue on appeal.

The government argues that this court may not consider the contentions made in the motion to clarify/amend because they are new claims that do not relate back to the claims in the original motion. Therefore, the government argues, those claims are untimely. As discussed below, this court need not reach the relation back issue because all but one of movant's claims are waived and all fail on the merits.

The government makes two initial arguments – that the §2255 motion is time-barred and that movant waived the right to bring a §2255 motion. This court addresses those arguments before considering, in the alternative, the merits of the motion.

////

////

////

4

## II. Statute of Limitations

### A. Legal Standards

A one-year state of limitations applies to a §2255 motion. 28 U.S.C. § 2255(f). The limitations period begins to run on the latest of the following occurrences: (1) when the judgment of conviction becomes final; (2) when the impediment caused by governmental action in violation of the Constitution that prevents a §2255 motion is removed, if the motion concerns such constitutional violation; (3) when the Supreme Court first recognizes the asserted right (or makes such right retroactively applicable); or (4) when facts giving rise to a §2255 claim could have been discovered through the exercise of due diligence. Id. If a movant fails to file within this one-year limitation, typically the motion will be time-barred.

However, certain instances give rise to equitable tolling, thereby waiving the motion's untimeliness. See United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004.) "To be entitled to equitable tolling, a habeas petitioner must demonstrate two things: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Williams v. Filson, 908 F.3d 546, 558 (9th Cir. 2018) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)); see also United States v. Gilbert, 807 F.3d 1197, 1202 (9th Cir. 2015) (applying the same standard to §2255 motions). Equitable tolling is a "very high bar[ ] and reserved for rare cases." Yow Ming Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014). It may be appropriate "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); see also Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003). The petitioner must show that the extraordinary circumstances caused his untimeliness. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The causation element does not require actual impossibility. Grant v. Swarthout, 862 F.3d 914, 918 (9th Cir. 2017). Rather, even when "it would have technically been possible for a prisoner to filed a petition, but a prisoner would have likely been unable to do so," the causation element is met. Id. The burden remains with the petitioner to show he is entitled to equitable tolling. See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

////

**B. Is the Motion Untimely?**

The first step in analyzing timeliness is determining the trigger for the one-year statute. Only the first occurrence under §2255(f) – the date the judgement became final - is applicable here.[3] Typically, a conviction is final "when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" United States v. Aguirre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010) (quoting Clay v. United States, 537 U.S. 522, 527 (2003)). In the present case, the Ninth Circuit issued its judgment on March 6, 2017. Movant had 90 days thereafter to file a petition for a writ of certiorari. U.S. Sup. Ct. R. 13(1). He did not. Based on this analysis, movant's judgment was final on June 5, 2017. Movant filed his §2255 motion on June 26, 2017.

The government argues that because movant filed an untimely appeal, his judgment became final when the time for filing an appeal had elapsed. A notice of appeal must be filed within fourteen days of entry of judgment by the trial court. Fed. R. App. P. 4(b)(1). The trial court entered judgment on April 28, 2015. (ECF No. 43.) Movant's notice of appeal was filed on January 29, 2016. (ECF No. 44.) In a letter accompanying the notice, movant explained that he had contacted the court and discovered that the appeal he mailed in April 2015 had not been received by the court. In the notice, movant "certified under penalty of perjury" that he had mailed it on April 26, 2015. (See id.)

The government further argues that any new claims raised in movant's amendment to his motion are untimely. In Mayle v. Felix, 545 U.S. 644, 650 (2005), the Supreme court held that a claim raised in an amended habeas petition, "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."

Some case law supports the government's position. Johnson v. United States, 457 F. App'x 462, 465 (6th Cir. 2012) ("the mere filing of a late notice of appeal is not sufficient . . . to render a

---

[3] It could be argued that movant's claims regarding changes to the judgment to reflect the new misdemeanor status of some of his prior crimes did not accrue until the state court converted those crimes to misdemeanors in October 2015. Even if that time is considered the trigger for the §2255 statute of limitations, it does not change this court's analysis.

6

final conviction nonfinal for purposes of § 2255" (citing Jimenez v. Quarterman, 555 U.S. 113, 120 n.4 (2009)).  However, there are potential issues regarding the applicability of that rule in this case because the Court of Appeals did not find the appeal untimely and because, as the Johnson court recognized, the court's acceptance of movant's notice of appeal raises questions of equitable tolling.  Id. at 466 n.2.  Further, assuming the appeal's delay did not affect the trigger date for the §2255 limitations period, then the issue of whether claims raised in movant's amendment relate back to the claims in the original motion must be addressed.

This court need not delve into these timeliness questions.  The statute of limitations is not jurisdictional and courts may consider the merits of a habeas petition despite a timeliness issue if the merits may be more easily resolved.  Day v. McDonough, 547 U.S. 198, 205, 210 (2006) (a district court has discretion to decide whether the administration of justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition); see also United States v. Hill, 915 F.3d 669, 673 (9th Cir. 2019) (applying Day in a §2255 case because one-year limitations period in §2254 and §2255 cases are "analogous").  This court finds it most efficient to address movant's waiver and, where appropriate, the merits.

**III. Waiver of Right to Collateral Review**

**A. Background**

In the plea agreement and during the plea hearing, movant affirmed that he was giving up his rights to appeal and to bring a motion for collateral review.

The plea agreement contains the following language:

> [R]egardless of the sentence the defendant receives, the defendant also gives up the right to bring any collateral attack, including any motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.  A "collateral attack" in this circumstance means filing a motion in this Court or any other court challenging any aspect of his guilty plea, his conviction, or his sentence.  Therefore, the defendant cannot later decide that he is unhappy with his plea, conviction, or sentence and seek to amend, alter, or overturn it.

(ECF No. 30 at 7.)

During the plea hearing, movant stated that he understood he was giving up his right to appeal or collaterally attack his plea, conviction, and sentence:

7

> THE COURT: Do you also understand that by entering a plea of guilty today, you will have waived or given up your right to collaterally attack or appeal all or any part of this plea, the conviction and/or any sentence I impose provided it's within the terms of the 11(c)(1)(C) plea agreement that you're entering into?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. Counsel, are you satisfied there's been a knowing and voluntary waiver of the right to collaterally attack or appeal the plea, conviction or sentence by your client?
>
> MR. GABLE [movant's counsel]: Yes, sir.

(ECF No. 53 at 12-13.) The District Court found "that the defendant has made a voluntary, knowing and intelligent waiver of all constitutional rights." (Id. at 18.)

During the hearing for judgment and sentencing, movant stated that he had no objections to the PSR. (ECF No. 54 at 3.)

**B. Legal Standards**

"A knowing and voluntary waiver" of the right to bring a 28 U.S.C. §2255 motion is enforceable. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). However, the Ninth Circuit has held that a defendant may not waive an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement. See United States v. Brizan, 709 F.3d 864, 867 (9th Cir. 2013) ("a plea agreement that waives the right to file a collateral attack is unenforceable with respect to an ineffective assistance claim that challenges the voluntariness of the waiver" (citing Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005)); see also Givens v. Sisto, No. C 08-05231 JW (PR), 2010 WL 1875766 (N.D. Cal. May 7, 2010) ("[T]he only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.")

**C. Has Movant Waived his §2255 Claims?**

Both the District Court and the Ninth Circuit found, based on the record before them at the time, that movant voluntarily waived his rights to appeal and to seek collateral review. In his motion to correct the judgment, movant repeated one of the arguments he makes here – that he is entitled to an amendment to the judgment to reflect the reduction of six state felonies to misdemeanors. In considering movant's motion as a request for collateral relief, the District

8

Court held: "the plain and unambiguous language of Defendant's plea agreement demonstrates that it 'encompasses his right to' collaterally attack the conditions of his sentence after that sentence was imposed." (ECF No. 64 at 10.) The Court went on to find movant's plea was knowingly and voluntarily made. (Id. at 9-10.) The Court noted that at the plea hearing, movant did not give any indication that his plea was not knowing and voluntary. Further, in his motion to correct his sentence, movant did not argue his plea was not knowing and voluntary.

In movant's appeal challenging the District Court's reliance on the Sentencing Guidelines, the Ninth Circuit held that "the record discloses no arguable issue as to the validity of the appeal waiver." (ECF No. 55 at 2.)

In his §2255 motion, movant for the first time contends that his plea was not intelligent because his attorney told him he would be able to later correct the judgment to reflect the reclassification of six state felonies as misdemeanors. As discussed below, movant's argument that his plea was not intelligently made should not be successful. Therefore, all claims, besides that ineffective assistance of counsel claim, have been waived. Even if those other claims have not been waived, as discussed in the last section below, they should not succeed on their merits.

**IV. Merits**

**A. Plea Unintelligent due to Ineffective Assistance of Counsel**

This court first addresses the one claim movant has not waived – that his counsel violated his Sixth Amendment rights by informing him that his judgment could later be corrected to reflect the reclassification of six state felonies to misdemeanors. Therefore, movant argues, his plea was not intelligently made.

To succeed on a claim of ineffective assistance of counsel, movant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice is established by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of guilty pleas, the first prong of the Strickland test echoes the standard of attorney competence set forth McMann v. Richardson, 397 U.S. 759 (1970). Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); see also Tollett v.

Henderson, 411 U.S. 258, 267 (1973) (holding that a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*"). The Court in McMann considered whether the attorney's advice was "reasonably competent" and "within the wide range of competence demanded of attorneys in criminal cases." McMann, 397 U.S. at 770-71.

"The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

Assuming for purposes of this analysis, that movant's counsel did, in fact, make that statement and that it amounts to unreasonable conduct, movant does not show prejudice. To establish prejudice, movant must show he would not have pleaded guilty had counsel told him he could not later have his felonies converted to misdemeanors in the judgment. Movant does not make that showing. Movant simply contends his plea was "unintelligent." That is a far cry from contending that he would have gone to trial had he known the felonies might not be converted to misdemeanors at a later time. And, even if he made that contention, movant would have to show that he understood the reclassification would affect only the severity of his sentence, not its length.[4] Finally, movant's claim lacks a legal basis, as well. The Ninth Circuit has held that a defendant "can validly waive appeal rights without being informed of the severity of the sentence that will be imposed." United States v. Lo, 839 F.3d 777, 784 (9th Cir. 2016).

Because he does not demonstrate prejudice, movant's claim that counsel was ineffective for failing to correctly inform him that he may not be able to correct his judgment should be denied on the merits.

---

[4] As discussed in the following section, the reclassification of prior crimes under Proposition 47 does not change the length of a federal sentence. The only effect of the change to the judgment would be to permit movant to participate in certain prison programs.

10

**B. Remaining Claims**

Because he should not succeed on his claim that his plea was not knowingly made, movant's remaining claims are waived. Even if they are not waived, they would fail on their merits.

As best this court can discern, movant is making the following additional arguments of ineffective assistance of counsel. First, movant contends that his trial attorney was ineffective for: (a) failing to object to the District Court's determination of his offense level and his criminal history under the Guidelines; (b) failing to "preserve" the Proposition 47 issue before the trial court; and (d) failing to advise him about the advantages/disadvantages of filing an appeal, resulting in "losing" his right to appeal. In addition, movant claims his appellate attorney was ineffective for failing to raise the Proposition 47 issue on appeal.

The only basis movant provides for his first claim is that trial counsel should have raised the Proposition 47 issue at sentencing. However, even had counsel done so, there is no showing of prejudice. Movant fails to establish a reasonable probability the result of the sentencing would have been different. At the time of sentencing, the state court had not reduced movant's six felonies to misdemeanors. As the District Court noted in its denial of movant's motion to correct the sentence, the classification of those six convictions as felonies was correct at the time movant was sentenced.

With respect to movant's claims that his attorney failed to "preserve" the Proposition 47 issue and that he somehow lost his right to appeal, there is no showing that the Ninth Circuit would have refused to consider the issue because it was not preserved, no showing that the District Court did not consider the issue in the motion for correction because the attorney did not raise it during sentencing, and no showing that review of the issue in this § 2255 proceeding requires that movant have "preserved" the issue earlier. Movant does not show he has been or will be prejudiced under Strickland because his attorney did not raise the Proposition 47 issue at sentencing.

Finally, movant's contention that his appellate attorney failed to raise the Proposition 47 issue on appeal has no merit. Because movant had the opportunity to, and did, submit a brief to

////

the Ninth Circuit, he could have raised the issue on appeal. Movant shows no prejudice from counsel's failure to raise the issue before the Court of Appeals.

In addition to the ineffective assistance of counsel claims addressed above, movant appears to raise the following claims: (a) he is entitled to be re-sentenced because six of his state court convictions were converted from felonies to misdemeanors; and (b) imposition of a sentence based on judge-made findings of fact violated his Sixth Amendment rights. Even if the waiver of those claims was not knowing and voluntary, they should fail.

Construing movant's first claim as seeking a reduction of the length of his sentence, the Ninth Circuit has addressed this question. In United States v. Diaz, 838 F.3d 968, 974 (9th Cir. 2016), the Ninth Circuit held that, for purposes of § 841's sentence enhancements, federal law ignores later state actions to reduce or expunge felonies that had "become final" before the defendant committed the federal offense. Moreover, as other courts have pointed out, enhancements of movant's sentence based on his priors are based on the sentences received, not the classification of the crimes. The PSR's calculation of enhancements based on the priors cites Sentencing Guidelines 4A1.1 and 4A1.2. (ECF No. 34 at 10-15.) Those Guidelines look only to the length of the prior sentences, not the classification of the prior convictions. USSG, §§ 4A1.1, 4A1.2; see also United States v. Stott, No. 3:10-CR-00026-LRH-WGC, 2020 WL 1929841, at *2 (D. Nev. Apr. 20, 2020) ("Under the federal sentencing guidelines, criminal history points are awarded based on the length of a prior sentence, not based on whether the prior offense is classified as a felony or a misdemeanor."); Rodriguez v. United States, No. 17-CR-00215-GPC, 2019 WL 7020143, at *3 (S.D. Cal. Dec. 20, 2019) ("Thus, California's decision to reclassify Petitioner's felony convictions as misdemeanors does not affect his federal sentence."). Further, the District Court's discussion of the reasons for the length of movant's sentence included only a brief mention that movant had been convicted of numerous felonies. (ECF No. 54 at 12.) And, the Court mentioned the felony classification just to note that movant must have the "gift of gab" because he had been able to get "legitimate" jobs despite being a convicted felon. The District

////

////

Court focused on the number of prior crimes,[5] the leniency movant had been shown in some of them, and the relatively short amount of time movant had served for those crimes. (Id. at 8-13.)

To the extent movant contends he has a right to reclassification of his prior crimes for purposes of the severity of his sentence, movant fails to establish his constitutional rights have been violated.

Finally, with respect to movant's argument that his sentence is unconstitutional because it is based on findings of fact by a judge rather than a jury, he fails to show the District Court exceeded the statutory maximum sentence based on facts, other than prior convictions, which he did not admit in his plea. See United States v. Booker, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

After the District Court stated that it intended to impose a 130-month sentence, both movant and his attorney spoke to argue for a lesser sentence. Neither raised the issue of the passage of Proposition 47 and the future reduction of six of movant's felony convictions to misdemeanors. After hearing those arguments, the District Court concluded: "given your record, I can't do anything but sentence you consistent with the guidelines and consistent with the history surrounding 3553(a) and considering those factors. Because, quite frankly, I think even you would admit, your record is awful. You actually have an awful record." (Id. at 12.) He then sentenced movant to 130 months. (Id. at 13.) Movant's argument that his sentence is unconstitutional under Booker should fail.

**V. Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that

1. Movant's motion to vacate, set aside, or correct his sentence under §2255 (ECF No. 58) be denied; and

////

---

[5] The PSR lists over 25 prior adult convictions. (ECF No. 34 at 10-16.)

2. The Clerk of the Court be directed to close the companion civil case no. 2:17-cv-1316-TLN-DB.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Dated:  June 27, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/habeas/S/Oliv0128.2255 fr